UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARIA VERAS, | : | |
| Plaintiff, | : | Civil Action No. 06-2241 (JAP) |
| v. | : | **OPINION** |
| FEDERAL EXPRESS CORP, *et al.*, | : | |
| Defendants. | : | |

PISANO, District Judge.

Before the Court is a motion by Defendants for reconsideration of this Court's order[1] denying defendants' motion for summary judgment. Also, before the Court is a letter from Plaintiff's counsel dated June 7, 2007, requesting that an amended order be entered remanding this matter for a determination of Plaintiff's eligibility for long-term disability benefits. By letter dated June 18, 2007, Defendants opposed this request. Plaintiff had made this same request at oral argument on June 5, 2007, which the Court denied. The Court, therefore, will construe Plaintiff's letter as a motion for reconsideration. For the reasons below, both parties' motions are denied.

A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the

---

[1] The Court issued a ruling with respect to the parties' summary judgment motions from the bench on June 5, 2007. Inadvertently, the Court's written Order on motions was not entered on the docket. Therefore, the Order accompanying this Opinion includes both the Court's ruling on the parties' summary judgment motions as well as its ruling on the motions for reconsideration.

availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  The party seeking reconsideration bears a heavy burden and "must show more than mere disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  Further, the moving party's burden requires more than a "recapitulation of the cases and arguments considered by the court before rendering its original decision." *Id.*

The Court first addresses Plaintiff's letter.  Plaintiff request that the Court amend its order and direct that the matter be remanded for further action.  However, the Court notes that Plaintiff has simply reiterated the request he raised at oral argument, which the Court denied.  While it appears that Plaintiff was going to speak with Defendants' about submitting a consent order on the issue of remand, *see* Transcript ("Tr.") at 37, no consent order and has been submitted and, in fact, Defendants have opposed Plaintiff's request for entry of an amended order.  For the same reasons it did originally, the Court declines to issue an order remanding the matter for further proceedings with respect to long-term disability benefits.

Next the Court turns to Defendants' motion for reconsideration.  In their motion, Defendants seek to provide the Court with additional clarification with respect to the basis of Dr. Ira Posner's "split determination" regarding Plaintiff's impairments.[2]  See ¶ 49 of Defendants' Rule 56.1 Statement contained in its Memorandum in Support of Motion for Summary Judgment.  The Court had asked Defendants' counsel about Dr. Posner's determination at oral argument, but Defendants apparently now seek to further clarify their response to the Court's

---

[2]Dr. Posner determined that Plaintiff was (1) not impaired from September 25, 2005, through November 3, 2005; (2) impaired from November 4, 2005, through December 2, 2005; and (3) not impaired December 3, 2005 and thereafter.

2

inquiry.  Defendants cite to the unpublished decision of *Dougherty v. Farmers New Century*, 2007 U.S. Dist. LEXIS 26058 (D. Pa. 2007), which noted that a motion for reconsideration may be appropriate to in the event of mistake, misunderstanding or misapprehension with respect to the facts underlying a court's ruling.

The Court did ask about Dr. Posner's "split determination" at oral argument, *see* Tr. at 23, and the Court referred to it as "also support[ing]" the Court's ultimate ruling on Defendants' summary judgment motion, *see* Tr. at 35.  However, the record is clear that the Court's decision did not rest upon the issue of Dr. Posner's split determination.  Consequently, Defendants' further clarification of Dr. Posner's opinion would do nothing to alter the Court's earlier conclusion.  Accordingly, Defendants' motion for reconsideration is denied.  An appropriate Order accompanies this Opinion.

Dated: July 12, 2007

                                                  /s/ JOEL A. PISANO
                                                  United States District Judge